IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Darcia Michelle Jackson-Walton, Debtor       Case No. 26-00688-JAW
                                                                                                                         CHAPTER 13

## EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR EXPEDITED ORDER AND/OR HEARING

COMES NOW the Debtor, Darcia Michelle Jackson-Walton (the "Debtor"), by and through counsel, and files this Emergency Motion to Enforce the Automatic Stay and for Expedited Order and/or Hearing, and in support thereof respectfully shows unto the Court as follows:

1. The Debtor filed the above-styled Chapter 13 bankruptcy case on March 11, 2026. At the time of filing, the Debtor was residing in residential rental property located at 201 Berryman Rd., Apt. 65, Vicksburg, Mississippi 39180, pursuant to a residential lease with Beechwood Park Apartments. Prior to the bankruptcy filing, the landlord had initiated eviction proceedings against the Debtor in the Justice Court of Warren County, Mississippi. Importantly, no judgment for possession had been entered prior to the filing of the bankruptcy petition.

2. A hearing in the eviction matter had been scheduled for March 12, 2026, which was one day after the Debtor filed her bankruptcy petition. Despite notice of the bankruptcy case and the automatic stay imposed by 11 U.S.C. § 362(a), the Justice Court proceeded with the eviction hearing and entered an order directing the Debtor to vacate the premises within seven (7) days or face removal by the sheriff. A true and correct copy of the eviction judgment entered by the Justice Court is attached hereto as Exhibit "A".

3. Because the eviction judgment was entered after the petition date, the continuation of the eviction proceeding and the entry of the eviction order occurred in violation of the automatic stay imposed by 11 U.S.C. § 362(a). The filing of a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the case, as well as any act to obtain possession of property of the estate or property from the estate. See 11 U.S.C. § 362(a)(1) and (a)(3). The limited exception to the automatic stay relating to residential evictions contained in 11 U.S.C. § 362(b)(22) does not apply in this case because no judgment for possession existed prior to the bankruptcy filing.

4. Courts consistently hold that actions taken in violation of the automatic stay are void and without legal effect. Accordingly, the eviction order entered by the Justice Court of Warren County on March 12, 2026, after the filing of the Debtor's bankruptcy petition, was entered in violation of the automatic stay and should be declared void and unenforceable unless and until relief from the automatic stay is granted by this Court.

5. The Debtor does not intend to assume the residential lease and intends to reject the lease and surrender possession of the property. However, the Debtor requires a short period of time in order to secure alternative housing and remove her personal belongings from the premises. The Debtor anticipates that she will be able to vacate the property and surrender possession no later than April 12, 2026.

6. The state court order directs that the Debtor vacate the premises within seven (7) days and authorizes removal by the sheriff if the Debtor fails to comply. As a

result, there is an immediate risk that the eviction order could be enforced notwithstanding the automatic stay. The Debtor therefore requests that this Court enter an expedited order enforcing the automatic stay and clarifying that the eviction order entered after the bankruptcy filing is void and unenforceable.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court enter an order enforcing the automatic stay and declaring that the eviction order entered by the Justice Court of Warren County on March 12, 2026 was entered in violation of the automatic stay and is void or unenforceable, prohibiting the landlord, its agents, and any law enforcement officer from enforcing the eviction order absent further order of this Court, allowing the Debtor a brief period of time through April 12, 2026 to vacate and surrender possession of the property, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MS Bar No. 103469)

Of Counsel:
Thomas C. Rollins, Jr.
Jennifer Ann Curry Calvillo
The Rollins Law Firm, PLLC
P.O Box 13767
Jackson, MS 39236
601-500-5533

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Darcia Michelle Jackson-Walton, Debtor      Case No. 26-00688-JAW
                                                                                                                  **CHAPTER 13**

### CERTIFICATE OF SERVICE

     I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Emergency Motion to Enforce the Automatic Stay and for Expedited Order and/or Hearing to was forwarded on March 13, 2026, to:

By USPS First Class Mail, Postage Prepaid:

    Warren County Justice Court
    919 Farmer St
    Vicksburg, MS 39183

    Eastbrook Property
    780 Hwy 61 N
    Vicksburg, MS 39183

By Electronic CM/ECF Notice:

    Harold Barkley

    U.S. Trustee

                                                  /s/ Thomas C. Rollins, Jr.
                                                  Thomas C. Rollins, Jr.