IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Darcia Michelle Jackson-Walton, Debtor          Case No. 26-00688-JAW
                                                        CHAPTER 13

AMENDED CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Emergency Motion to Enforce the Automatic Stay and for Expedited Order and/or Hearing (Dk# 11) was forwarded on March 16, 2026, to:

By USPS First Class Mail, Postage Prepaid:

Warren County Justice Court
919 Farmer St
Vicksburg, MS 39183

Beechwood Park Apartments
201 Berryman Road
Vicksburg, MS 39180

By Electronic CM/ECF Notice:

Harold Barkley

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Darcia Michelle Jackson-Walton, Debtor         Case No. 26-00688-JAW
                                                        CHAPTER 13

## EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR EXPEDITED ORDER AND/OR HEARING

COMES NOW the Debtor, Darcia Michelle Jackson-Walton (the "Debtor"), by and through counsel, and files this Emergency Motion to Enforce the Automatic Stay and for Expedited Order and/or Hearing, and in support thereof respectfully shows unto the Court as follows:

1. The Debtor filed the above-styled Chapter 13 bankruptcy case on March 11, 2026. At the time of filing, the Debtor was residing in residential rental property located at 201 Berryman Rd., Apt. 65, Vicksburg, Mississippi 39180, pursuant to a residential lease with Beechwood Park Apartments. Prior to the bankruptcy filing, the landlord had initiated eviction proceedings against the Debtor in the Justice Court of Warren County, Mississippi. Importantly, no judgment for possession had been entered prior to the filing of the bankruptcy petition.

2. A hearing in the eviction matter had been scheduled for March 12, 2026, which was one day after the Debtor filed her bankruptcy petition. Despite notice of the bankruptcy case and the automatic stay imposed by 11 U.S.C. § 362(a), the Justice Court proceeded with the eviction hearing and entered an order directing the Debtor to vacate the premises within seven (7) days or face removal by the sheriff. A true and correct copy of the eviction judgment entered by the Justice Court is attached hereto as Exhibit "A".

3. Because the eviction judgment was entered after the petition date, the continuation of the eviction proceeding and the entry of the eviction order occurred in violation of the automatic stay imposed by 11 U.S.C. § 362(a). The filing of a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the case, as well as any act to obtain possession of property of the estate or property from the estate. See 11 U.S.C. § 362(a)(1) and (a)(3). The limited exception to the automatic stay relating to residential evictions contained in 11 U.S.C. § 362(b)(22) does not apply in this case because no judgment for possession existed prior to the bankruptcy filing.

4. Courts consistently hold that actions taken in violation of the automatic stay are void and without legal effect. Accordingly, the eviction order entered by the Justice Court of Warren County on March 12, 2026, after the filing of the Debtor's bankruptcy petition, was entered in violation of the automatic stay and should be declared void and unenforceable unless and until relief from the automatic stay is granted by this Court.

5. The Debtor does not intend to assume the residential lease and intends to reject the lease and surrender possession of the property. However, the Debtor requires a short period of time in order to secure alternative housing and remove her personal belongings from the premises. The Debtor anticipates that she will be able to vacate the property and surrender possession no later than April 12, 2026.

6. The state court order directs that the Debtor vacate the premises within seven (7) days and authorizes removal by the sheriff if the Debtor fails to comply. As a

result, there is an immediate risk that the eviction order could be enforced notwithstanding the automatic stay. The Debtor therefore requests that this Court enter an expedited order enforcing the automatic stay and clarifying that the eviction order entered after the bankruptcy filing is void and unenforceable.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court enter an order enforcing the automatic stay and declaring that the eviction order entered by the Justice Court of Warren County on March 12, 2026 was entered in violation of the automatic stay and is void or unenforceable, prohibiting the landlord, its agents, and any law enforcement officer from enforcing the eviction order absent further order of this Court, allowing the Debtor a brief period of time through April 12, 2026 to vacate and surrender possession of the property, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MS Bar No. 103469)

Of Counsel:
Thomas C. Rollins, Jr.
Jennifer Ann Curry Calvillo
The Rollins Law Firm, PLLC
P.O Box 13767
Jackson, MS 39236
601-500-5533

IN THE JUSTICE COURT OF WARREN COUNTY, STATE OF MISSISSIPPI

LANDLORD: BEECHWOOD PARK APTS
VS
TENANT: WALTON CHRISTOPHER & DARIA JACKS

Book: 140  Page: 104

### JUDGMENT ON COMPLAINT FOR RESIDENTIAL EVICTION

A. JUDGMENT FOR MONETARY DAMAGES

✓ **TRIAL JUDGMENT:**
WHEREAS on the date of this Judgment this Court having conducted a trial in the above styled action on the LANDLORD'S complaint against the TENANT for monetary damages for material breach of the rental agreement for a dwelling unit, along with any counterclaims or set-offs asserted by the TENANT against the LANDLORD that are within the jurisdictional limits of the Justice Court,

___ **DEFAULT JUDGMENT:**
WHEREAS on the date of this Judgment this Court having conducted a hearing in the above styled case on the LANDLORD'S complaint against the TENANT for monetary damages for a material breach of of the rental agreement for a dwelling unit and finding that the TENANT had been properly served pursuant to Rule 14 of the Rules of Justice Court, but failed to appear as summoned, and that there is a factual basis for the LANDLORD's claims for monetary damages, to wit: _____

IT IS HEREBY ORDERED:

✓ That the LANDLORD recover from the TENANT the total sum of $ 1932.10 with the interest rate of ___ percent annum from this date, together with all costs of this action, for which let execution issue.

| | |
|---|---|
| Judgment on Complaint: | $ 1832.10 |
| Minus Judgment on Counterclaim | $ |
| Plus Costs of Action | $ 100.00 |
| Total Sum Due: | $ 1932.10 |

___ That the TENANT recover from the LANDLORD on the asserted counterclaim the sum of $ _____ with interest at the rate of ___ percent annum from this date, together with all costs of this action, for which let execution issue.

| | |
|---|---|
| Judgment on Counterclaim: | $ |
| Minus Judgment on Complaint: | $ |
| Plus costs of action: | $ |
| Total sum due: | $ |

2

BOOK: 140 PAGE: 104

B. POSSESSION JUDGMENT

✓ TRIAL JUDGMENT FOR LANDLORD:
WHEREAS on the date of this Judgment this Court having conducted a trial in the above styled action on the LANDLORD'S complaint against the TENANT for eviction and finding that the LANDLORD had complied with Section 89-8-33 of the Mississippi Code; that the tenant failed to present a valid defense or counterclaim; and that the landlord is otherwise entitled to a possession Judgment by law,

___ DEFAULT JUDGMENT FOR LANDLORD:
WHEREAS on the date of this Judgment this Court having conducted a hearing in the above-styled case ont the LANDLORD'S complaint against the TENANT for eviction and finding the LANDLORD had complied with Section 89-8-33 of the Misssissippi Code; that the issuance and service of process was proper; that the tenant failed to appear; and that the landlord is otherwise entitled to possession Judgment by law;

IT IS HEREBY ORDERED:

✓ That the LANDLORD be granted exclusive possession of the premises subject to the following conditions:

✓ The tenant must vacate the premises in seven (7) days.

___ The tenant must vacate the premises in ___ days, this longer or shorter period of time is justified becasue of an emergency or other compelling circumstances, to wit:

___ The tenant has committed a substantial violation of the rental agreement or of this chapter that materially affects health or safety, to wit:
_____

___ The tenant poses an immediate and significant risk of damage to the premises or of harm or injury to persons on the premises, to wit:
_____

___ Other emergency or compelling circumstances, to wit:
_____

Prior to this court-ordered move-out date, the tenant shall have the same access to the premises as previously allowed under the terms of the rental agreement. If the tenant moves out by the date ordered by the court, leaving personal property behind, then the landlord may dispose of such abandoned property without further notice.

After this court-ordered move-out date, the landlord may request a warrant for removal. Upon such request and the payment of applicable fees, this Court shall, except as otherwise prohibited under Section 89-8-39(4) of the Mississippi Code,

BOOK: 140 PAGE: 104

immediately issue a warrant to the sheriff or any constable of the county in which the premises, or some part thereof, are situated, immediately commanding the sheriff or constable to remove all persons from the premises, and to put the landlord into full possession thereof.

After the warrant for removal has been executed, the landlord shall allow the tenant reasonable access to the premises for SEVENTY-TWO (72) HOURS to enable the tenant to remove the tenant's personal property, including any manufactured home. If the tenant moves out within SEVENTY-TWO (72) HOURS of the execution of the warrant of removal, leaving personal property behind, then the landlord may dispose of such abandoned property without further notice.

After the SEVENTY-TWO (72) HOURS, the landlord may remove any property remaining on the premises to the curb, an area designated for garbage or some other location agreed to by the tenant and the landlord.

CHECK IF APPLICABLE:

✓ FURTHERMORE, this judgment of possession is based SOLELY on the tenant's nonpayment of rent, therefore this Court will not issue a warrant for removal if, by the court ordered move out date, the tenant has PAID IN FULL all unpaid rent and other sums awarded to the landlord in the Judgment or if, after such date, the landlord has accepted payment of such amounts. The landlord has an obligation of good faith to accept full payment of all such sums owed pursuant to the money Judgment if so tendered on or before the court ordered move out date.

___ POSSESSION JUDGMENT NOT GRANTED:
WHEREAS on the date of this Judgment this Court having conducted a trial or hearing in the above styled action on the LANDLORD'S complaint against the TENANT for eviction and finding that the LANDLORD is not entitled to a possession Judgment by law, to wit:

_____

the LANDLORD'S application for exclusive possession of the premises is DENIED. The TENANT shall recover all costs of this action, for which let execution issue.

APPEALS FROM THE FINAL JUDGMENT SHALL BE PURSUANT
TO APPLICABLE MISSISSIPPI RULES OF COURT.

ORDERED AND ADJUDGED this the 12 day of March, 2026

_____
JUSTICE COURT JUDGE

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 26-00688 |
|---|---|
| Darcia Michelle Jackson-Walton | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 3/16/2026, I did cause a copy of the following documents, described below,

Amended Certificate of Service

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/16/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Darcia Michelle Jackson-Walton

CASE NO: 26-00688

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 3/16/2026, a copy of the following documents, described below,

Amended Certificate of Service

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/16/2026

*Victoria Blake*

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

```
FIRST CLASS                         FIRST CLASS

WARREN COUNTY JUSTICE COURT         BEECHWOOD PARK APARTMENTS
919 FARMER ST                       201 BERRYMAN ROAD
VICKSBURG MS 39183                  VICKSBURG MS 39180
```