

**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: March 17, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

**DARCIA MICHELLE JACKSON-WALTON,**     **CASE NO. 26-00688-JAW**

**DEBTOR.**     **CHAPTER 13**

### ORDER ENFORCING AUTOMATIC STAY

THIS MATTER came before the Court for a hearing on March 17, 2026 (the "Hearing") on the Debtor's Emergency Motion to Enforce the Automatic Stay and for Expedited Order and/or Hearing (the "Motion") (Dkt. #11) filed by Darcia Michelle Jackson-Walton (the "Debtor") in the above-referenced bankruptcy case. Notice of the Hearing was provided to Ramona Denekas ("Ms. Denekas") at Beechwood Park Apartments, LLC in Vicksburg and was proper under the circumstances. (Dkt. #16, #18). At the Hearing, Thomas C. Rollins, Jr., represented the Debtor. Ms. Denekas appeared on behalf of Beechwood Park Apartments, LLC, but no licensed Mississippi attorney represented Beechwood Park Apartments, LLC at the Hearing.[1] The Court, having reviewed the Motion and being otherwise fully advised in the premises, finds that the Motion is well taken and should be granted.

The Court finds that the Debtor filed the above-styled Chapter 13 bankruptcy case on

---

[1] A nonlawyer may not appear on behalf of a corporation in a judicial proceeding. *See SW Express, Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982).

March 11, 2026. (Dkt. #1). The Court further finds that the Justice Court entered an eviction judgment against the Debtor on March 12, 2026, after the bankruptcy petition had been filed.

Because the eviction judgment was entered after the filing of the bankruptcy petition, the continuation of the eviction proceeding and the entry of the judgment occurred in violation of the automatic stay imposed by 11 U.S.C. § 362(a). *In re Tatum*, No. 14-03676-NPO, 2015 WL 1061673 (Bankr. S.D. Miss. Mar. 6, 2015) (holding that limited exception to the automatic stay under 11 U.S.C. § 362(b)(22) applies only to a final judgment "obtained before the date of the filing of the bankruptcy petition"). Actions taken in violation of the automatic stay are voidable and only can be made valid by subsequent judicial decision. *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989); *Singleton v. Abusaad (In re Abusaad)*, 309 B.R. 895, 899 (Bankr. N.D. Tex. 2004).

**At the Hearing, counsel for the Debtor and Ms. Denekas represented to the Court that the parties have agreed that the Debtor will vacate the premises by April 12, 2026.**

IT IS, THEREFORE, ORDERED that the Motion is granted and the eviction judgment entered by the Justice Court of Warren County, Mississippi on March 12, 2026, a copy of which is attached to the Motion as Exhibit A, was entered in violation of the automatic stay and is void and unenforceable unless and until relief from the automatic stay is granted by this Court.

IT IS FURTHER ORDERED that Beechwood Park Apartments, LLC, its agents, representatives, and any law enforcement officer acting on its behalf are prohibited from enforcing the eviction judgment or removing the Debtor from the premises absent further order of this Court granting relief from the automatic stay.

##END OF ORDER##